**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5138-16T3

JENNIFER HOCKENJOS,

     Plaintiff-Appellant,

v.

PETERSON & STAEGER, INC.,

     Defendant,

and

JAMES PETNER,

     Defendant/Third-Party
     Plaintiff-Respondent,

v.

F&A GENERAL CONSTRUCTION, LLC,
and MARIO NAWROCKI,

     Third-Party Defendants.

_____

Argued telephonically October 18, 2018 –
Decided  October 31, 2018

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6011-15.

Vahbiz Karanjia argued the cause for appellant (Epstein Ostrove, LLC, attorneys; Elliot D. Ostrove, on the briefs).

Robert J. MacNiven argued the cause for respondent (Shamy, Shipers & Lonski, PC, attorneys; Robert J. MacNiven, on the brief).

PER CURIAM

Plaintiff Jennifer Hockenjos appeals from a March 27, 2017 order dismissing her complaint against defendants Peterson & Staeger, Inc. (P&S)[1] and James Petner[2] as barred by the entire controversy doctrine (ECD) because plaintiff filed similar claims against a different construction contractor arising from the same transactional facts. We affirm.

Plaintiff owns a home in Sayreville, which suffered significant damage during Superstorm Sandy. In December 2012, plaintiff hired third-party defendant F&A General Construction, LLC (F&A) to repair her home. F&A

---

[1] After plaintiff filed this appeal, P&S petitioned for bankruptcy. By order dated October 20, 2017, we dismissed the appeal against P&S without prejudice until the conclusion of the bankruptcy proceedings. Plaintiff has elected to proceed solely against James Petner.

[2] Petner was the general manager for P&S and a principal of the corporation.

A-5138-16T3

gutted plaintiff's home, removed kitchen cabinetry, fitted siding, and installed sub-flooring, two exterior doors, and insulation. F&A requested additional money from plaintiff to continue the repairs. Plaintiff refused to pay further sums to F&A because she was dissatisfied with the quality of the work. Consequently, F&A walked off the job prior to April 2013.

On April 2, 2013, plaintiff subsequently hired P&S to repair her home. The work done by P&S included interior sheetrocking, spackling, painting, and installation of moldings, casings, interior doors, cabinets, plumbing and bathroom fixtures. P&S completed its work in May 2013.

In July 2013, plaintiff sued F&A for improper construction work and violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -198 (CFA) (F&A litigation). Plaintiff did not name P&S or Petner in the F&A litigation.

The parties in the F&A litigation exchanged discovery. During her deposition in the F&A litigation, conducted on February 10, 2015, plaintiff articulated her dissatisfaction with the work done by P&S. F&A's attorney asked plaintiff why she did not name P&S as a defendant in the F&A litigation. Plaintiff's counsel instructed plaintiff not to answer the question.

Plaintiff also described the construction work performed by F&A and P&S. Plaintiff testified F&A and P&S were hired to perform the same work,

3

"to put [her] house back to the way it was before the storm." Later in the deposition, plaintiff retracted her initial statement and stated "[w]hat [P&S] came in to do had nothing to do what F&A did."

Petner testified in a deposition on behalf of plaintiff in the F&A litigation. At the time of his deposition, Petner had no indication plaintiff was dissatisfied with the work performed by P&S and he was not supplied a copy of plaintiff's deposition.

Two years after filing suit, plaintiff settled the F&A litigation and released all claims against F&A. The release held F&A harmless for claims arising from work on plaintiff's home.

Five days after resolving her claims in the F&A litigation, plaintiff filed suit against P&S and Petner, claiming violations of the CFA related to their work on her home (P&S litigation). In addition to the CFA claims, plaintiff alleged the work done by P&S was defective. P&S and Petner filed a third-party complaint against F&A, seeking indemnification and contribution for any damage to plaintiff's home.

F&A moved to dismiss the third-party complaint in the P&S litigation. The judge denied the motion without prejudice, allowing further discovery. Following the completion of discovery in the P&S litigation, F&A renewed its

A-5138-16T3

motion. In or around the same time, P&S and Petner moved to dismiss the P&S litigation. Because discovery had concluded, and the parties relied on materials outside the pleadings, the applications were treated as motions for summary judgment. Plaintiff opposed the motions.

F&A and P&S asserted the ECD barred plaintiff's claims in the P&S litigation because her claims arose from the same transaction as her claims in the F&A litigation. F&A also claimed the third-party complaint in the P&S litigation should be dismissed because P&S and Petner could not recover against F&A based on the signed release in the F&A litigation.

The judge granted defendants' motions, and dismissed plaintiff's claims in the P&S litigation with prejudice. The judge found the ECD barred plaintiff's subsequent claims against P&S and Petner. The judge concluded the P&S litigation was a successive action because plaintiff previously filed similar claims against F&A arising from the same facts. The judge also determined all defendants would be substantially prejudiced if plaintiff were allowed to proceed with the P&S litigation.

On appeal, plaintiff claims the judge's dismissal of her complaint in the P&S litigation was improper because the ECD is inapplicable, her complaint in

the P&S litigation was not a successive action, and P&S and Petner would not be substantially prejudiced if the P&S litigation proceeded.

We review a grant of summary judgment de novo, applying the same standard as the trial court.  Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010).  Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The ECD, codified in Rule 4:30A, requires the parties to an action raise all transactionally-related claims in that action.  See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:30A (2019). "Underlying the [ECD] are the twin goals of ensuring fairness to parties and achieving economy of judicial resources."  Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207

N.J. 428, 443 (2011). The ECD "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." Wadeer v. N.J. Mfrs. Inc. Co., 220 N.J. 591, 605 (2015) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)). The goals of the ECD include "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay." Wadeer, 220 N.J. at 605 (quoting DiTrolio v. Antiles, 142 N.J. 253, 267 (1995)).

Rule 4:30A provides "[n]on-joinder of claims required to be joined by the [ECD] shall result in the preclusion of the omitted claims to the extent required by the [ECD] . . . ." "In determining whether a subsequent claim should be barred under [the ECD], 'the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions.'" Wadeer, 220 N.J. at 605 (quoting DiTrolio, 142 N.J. at 267). In applying the ECD, fairness and a reasonable opportunity to litigate must be

accorded to the party whose claim is sought to be barred.  Gelber v. Zito P'ship, 147 N.J. 561, 565 (1997).

Here, the judge correctly determined plaintiff's claims in the P&S litigation were barred by the ECD.  The claims in the F&A litigation and the P&S litigation arose from the same factual transaction; specifically, plaintiff hired both F&A and P&S to restore her home.  Plaintiff, despite her awareness of claims against P&S when she filed the F&A litigation, elected not to name P&S or Petner as parties in that earlier filed action.[3]  The joinder of P&S and Petner in the F&A litigation would have ensured a comprehensive, just, and conclusive disposition of the entire controversy in one legal action and would have promoted fairness to all parties. Thus, plaintiff's failure to join P&S and Petner in the F&A litigation warrants dismissal of her claims in the P&S litigation.

Based on our review of the record, we are satisfied plaintiff could have joined all claims and all parties related to her home repair in the F&A litigation. In the F&A litigation, plaintiff expressed her awareness of claims against P&S

---

[3]  P&S and Petner suffered prejudice as a result.  First, Petner and P&S would likely be barred from seeking contribution from F&A based on the release in the F&A litigation.  In addition, based on the passage of time, P&S and Petner are likely unable to prove the claimed defective work was attributable to other contractors who repaired plaintiff's home.

A-5138-16T3

and Petner. Plaintiff made a tactical decision to litigate her claims against F&A solely in the F&A litigation, without including her claims against P&S and Petner. Thus, the P&S litigation represents an improper attempt to litigate claims plaintiff should have presented as part of the F&A litigation, and the ECD barred plaintiff's claims in the P&S litigation.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5138-16T3